IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BUTAMAX™ ADVANCED BIOFUELS LLC and DU PONT, DE NEMOURS AND COMPANY )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>GEVO, INC., )<br>)<br>Defendant. ) | Civ. No. 12-1301-SLR |

**MEMORANDUM ORDER**

At Wilmington this 2nd day of May, 2013, having considered defendant Gevo, Inc.'s ("defendant") motion to dismiss for lack of subject matter jurisdiction and the papers submitted therewith;

IT IS ORDERED that said motion (D.I. 7) is denied, as follows:

1. **Background.** Butamax™ Advanced Biofuels LLC ("Butamax") and Du Pont de Nemours and Company ("DuPont") (collectively, "Butamax and DuPont") filed this action on October 8, 2012 against Gevo, Inc. ("Gevo") seeking declaratory judgment of non-infringement of U.S. Patent No. 8,283,505 ("the '505 patent"). (D.I. 1 at ¶ 1) The '505 patent is entitled "Recovery of Higher Alcohols from Dilute Aqueous Solutions" and issued October 9, 2012. (D.I. 20 at ex. H, the '505 patent) Butamax is a limited liability corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Wilmington, Delaware. It develops biobutanol, a premium

biofuel molecule. (*Id.* at ¶ 2) DuPont is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Wilmington, Delaware. It is a science company with leading capabilities in biotechnology. (*Id.* at ¶ 3) Gevo is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Englewood, Colorado. (*Id.* at ¶ 4) Currently before the court is Gevo's motion to dismiss for lack of subject matter jurisdiction, filed November 5, 2012. (D.I. 7)

2. **Standard**. Not only may the lack of subject matter jurisdiction be raised at any time, it cannot be waived and the court is obliged to address the issue on its own motion. *See Moodie v. Fed. Reserve Bank of NY*, 58 F.3d 879, 882 (2d Cir. 1995). Once jurisdiction is challenged, the party asserting subject matter jurisdiction has the burden of proving its existence. *See Carpet Group Int'l v. Oriental Rug Importers Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000). Under Rule 12(b)(1), the court's jurisdiction may be challenged either facially (based on the legal sufficiency of the claim) or factually (based on the sufficiency of jurisdictional fact). *See* 2 James W. Moore, *Moore's Federal Practice* § 12.30[4] (3d ed. 1997). Under a facial challenge to jurisdiction, the court must accept as true the allegations contained in the complaint. *See id.* Dismissal for a facial challenge to jurisdiction is "proper only when the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous.'" *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408-09 (3d Cir. 1991) (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

3. Under a factual attack, however, the court is not "confine[d] to allegations in

2

the . . . complaint, but [can] consider affidavits, depositions, and testimony to resolve factual issues bearing on jurisdiction." *Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997); *see also Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891-92 (3d Cir. 1977). In such a situation, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Carpet Group*, 227 F.3d at 69 (quoting *Mortensen*, 549 F.2d at 891). Although the court should determine subject matter jurisdiction at the outset of a case, "the truth of jurisdictional allegations need not always be determined with finality at the threshold of litigation." Moore, *supra*, § 12.30[1]. Rather, a party may first establish jurisdiction "by means of a nonfrivolous assertion of jurisdictional elements and any litigation of a contested subject-matter jurisdictional fact issue occurs in comparatively summary procedure before a judge alone (as distinct from litigation of the same fact issue as an element of the cause of action, if the claim survives the jurisdictional objection)." *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 537-38 (1995) (citations omitted).

4. The Declaratory Judgment Act requires an actual controversy between the parties before a federal court may exercise jurisdiction. 28 U.S.C. § 2201(a). A plaintiff bringing an action for declaratory judgment must prove, by a preponderance of the evidence, that an actual controversy exists. *See Shell Oil Co. v. Amoco Corp.*, 970 F.2d 885, 887 (Fed. Cir. 1992). An actual controversy exists where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the

issuance of a declaratory judgment."[1] *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273, (1941)). This is not a bright-line test. *See, e.g., Maryland Cas.*, 312 U.S. at 273; *Sony Elecs., Inc. v. Guardian Media Techs., Ltd.*, 497 F.3d 1271, 1283 (Fed. Cir. 2007).

5. **Discussion.** There is an extensive pattern of litigation between these parties. Butamax initially sued defendant in this court on January 14, 2011, alleging infringement of two of its patents. *Butamax Advanced Biofuels LLC v. Gevo, Inc.*, Civ. No. 11-54 (D. Del. Jan. 14, 2011). Currently, there are fifteen cases pending between the parties, with Butamax as plaintiff in nine and Gevo as plaintiff in six.[2] All of the cases relate to bio-isobutanol technology. (D.I. 18 at 2; D.I. 21 at 3)

6. In January 2012, Gevo alleged that Butamax and DuPont infringed U.S. Patent No. 8,101,808 ("the '808 patent"), entitled "Recovery of Higher Alcohols from Dilute Aqueous Solutions." *Gevo, Inc. v. Butamax Advanced Biofuels LLC, et al.*, Civ. No. 12-70, D.I. 1 at ¶ 12 (D. Del. Jan. 24, 2012). Specifically, Gevo asserted that Butamax and/or DuPont infringe the '808 patent by "produc[ing] isobutanol through fermentation and, for example, extract[ing] the isobutanol by introducing an extractant

---

[1] "[T]he phrase 'case of actual controversy' in the [Declaratory Judgment] Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." *MedImmune*, 549 U.S. at 127 (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227 (1937)). Consequently, the analysis of whether "a case of actual controversy" exists is essentially an analysis of whether Article III standing exists. *See generally id.*; *see also, e.g., SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007), *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 901 (Fed. Cir. 2008). For brevity's sake, the court confines its analysis in this opinion to whether, under the Declaratory Judgment Act, "a case of actual controversy" exists.

[2] DuPont is a party to most of the lawsuits.

to the fermentation broth, distilling the mixture to produce an isobutanol vapor, and returning the remaining liquid to the fermentor." *Id.* at 3-4.

7. The '505 patent at issue in the present litigation is a continuation of the '808 patent and shares the same specification and title as the '808 patent. ('505 patent; D.I. 19 at ex. A, the '808 patent) Both are directed to the production of bio-isobutanol from fermentation broths. (D.I. 18 at 4) Further, the '505 patent was terminally disclaimed over the '808 patent. (*Id.*) Gevo alleges the claims of the '505 patent are distinct from those of the '808 patent; thus, Gevo's assertion of infringement of the '808 patent does not necessarily implicate the '505 patent. (D.I. 21 at 5)

8. Comparing the claims of the '505 patent and the '808 patent and more particularly the independent claims, the court concludes that there are substantial similarities in the claimed subject matter. ('505 patent, 63:1-23; '808 patent, col 61:61-62:5) The claims are directed to producing and recovering isobutanol ('505 patent) or C3-C6 alcohol, which includes isobutanol ('808 patent), through fermentation and subsequent separation of the alcohol. Under a "totality of the circumstances" review, the pattern of litigation between the parties and the close relationship between the patents constitute facts sufficient to show the existence of an actual controversy between the parties.[3] *Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.*, 482 F.3d 1330, 1344 (Fed. Cir. 2007) (finding that pending litigation between the parties,

---

[3] Gevo asserts that it lacks sufficient information regarding the fermentation conditions of Butamax and DuPont's products to determine if they infringe the '505 patent. (D.I. 8 at 4) This contention loses force as the '505 patent is a continuation of the '808 patent and Gevo has not offered Butamax and DuPont a covenant not to sue on the '505 patent. (D.I. 18 at 4)

5

combined with three other factors including defendant's filing of an abbreviated new drug application, was sufficient to sustain a declaratory action); *Dish Network v. Tivo, Inc.*, 604 F. Supp. 2d 719, 723-724 (D. Del. 2009) (allowing a declaratory action to go forward based on litigation history between the parties and defendant's public statements regarding the probable infringement of plaintiff's redesigned products); *cf. Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1338-41 (Fed. Cir. 2008) (holding that one prior lawsuit concerning different products, without more, was not sufficient to sustain an actual controversy); *W.L. Gore & Associates, Inc. v. AGA Medical Corp.*, 2012 WL 924978 at *6 (D. Del. Mar. 19, 2012) (finding no substantial controversy for a declaratory judgment of non-infringement, when the patent relates to similar technology of another patent, which was at issue in a pending litigation); *Edmunds Holding Co. V. Autobytel Inc.*, 598 F. Supp. 2d 606, 610-611 (D. Del. 2009) (finding that general public statements by a patent owner regarding enforcing his rights, combined with a pattern of litigation against other companies, was insufficient to sustain a declaratory action).

8. **Conclusion.** For the foregoing reasons, Gevo's motion to dismiss for lack of subject matter jurisdiction (D.I. 7) is denied.

_____
United States District Judge