IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

BUTAMAX™ ADVANCED BIOFUELS LLC and DU PONT, DE NEMOURS AND COMPANY

Plaintiffs,

v.

GEVO, INC.,

Defendant.

Civ. No. 12-1301-SLR

**MEMORANDUM**

At Wilmington this 28th day of January, 2014, having considered defendant Gevo, Inc.'s ("defendant") renewed motion to dismiss for lack of subject matter jurisdiction and the papers submitted therewith;

IT IS ORDERED that said motion (D.I. 39) is granted, as follows:

1. **Background.** Butamax™ Advanced Biofuels LLC ("Butamax") and Du Pont de Nemours and Company ("DuPont") (collectively, "Butamax and DuPont") filed this action on October 8, 2012 against Gevo, Inc. ("Gevo") seeking declaratory judgment of non-infringement of U.S. Patent No. 8,283,505 ("the '505 patent"). (D.I. 1 at ¶ 1) The '505 patent, "Recovery of Higher Alcohols from Dilute Aqueous Solutions," issued October 9, 2012.[1] (D.I. 20, ex. H) Butamax is a limited liability corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Wilmington, Delaware. It develops biobutanol, a premium biofuel molecule. (D.I. 1 at

[1]The '505 patent issued on October 9, 2012 at 12:00am EDT, as shown on the September 19, 2012 issue notification. (D.I. 1 at ¶ 13, ex. A)

¶ 2) DuPont is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Wilmington, Delaware. It is a science company with leading capabilities in biotechnology. (*Id.* at ¶ 3) Gevo is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Englewood, Colorado. (*Id.* at ¶ 4) Gevo's motion to dismiss for lack of subject matter jurisdiction was denied on May 2, 2013. (D.I. 29) Currently before the court is Gevo's renewed motion to dismiss for lack of subject matter jurisdiction. (D.I. 39)

2. **Standard**. Not only may the lack of subject matter jurisdiction be raised at any time, it cannot be waived and the court is obliged to address the issue on its own motion. *See Moodie v. Fed. Reserve Bank of NY*, 58 F.3d 879, 882 (2d Cir. 1995). Once jurisdiction is challenged, the party asserting subject matter jurisdiction has the burden of proving its existence. *See Carpet Group Int'l v. Oriental Rug Importers Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000). Under Rule 12(b)(1), the court's jurisdiction may be challenged either facially (based on the legal sufficiency of the claim) or factually (based on the sufficiency of jurisdictional fact). *See* 2 James W. Moore, *Moore's Federal Practice* § 12.30[4] (3d ed. 1997). Under a facial challenge to jurisdiction, the court must accept as true the allegations contained in the complaint. *See id.* Dismissal for a facial challenge to jurisdiction is "proper only when the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous.'" *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408-09 (3d Cir. 1991) (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

3. Under a factual attack, however, the court is not "confine[d] to allegations in the . . . complaint, but [can] consider affidavits, depositions, and testimony to resolve factual issues bearing on jurisdiction." *Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997); *see also Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891-92 (3d Cir. 1977). In such a situation, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Carpet Group*, 227 F.3d at 69 (quoting *Mortensen*, 549 F.2d at 891). Although the court should determine subject matter jurisdiction at the outset of a case, "the truth of jurisdictional allegations need not always be determined with finality at the threshold of litigation." Moore, *supra*, § 12.30[1]. Rather, a party may first establish jurisdiction "by means of a nonfrivolous assertion of jurisdictional elements and any litigation of a contested subject-matter jurisdictional fact issue occurs in comparatively summary procedure before a judge alone (as distinct from litigation of the same fact issue as an element of the cause of action, if the claim survives the jurisdictional objection)." *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 537-38 (1995) (citations omitted).

4. The Declaratory Judgment Act requires an actual controversy between the parties before a federal court may exercise jurisdiction. 28 U.S.C. § 2201(a). A plaintiff bringing an action for declaratory judgment must prove, by a preponderance of the evidence, that an actual controversy exists. *See Shell Oil Co. v. Amoco Corp.*, 970 F.2d 885, 887 (Fed. Cir. 1992). An actual controversy exists where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties

having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[2] *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273, (1941)). This is not a bright-line test. *See, e.g., Maryland Cas.*, 312 U.S. at 273; *Sony Elecs., Inc. v. Guardian Media Techs., Ltd.*, 497 F.3d 1271, 1283 (Fed. Cir. 2007).

5. **Discussion.** There is an extensive pattern of litigation between these parties. Butamax initially sued defendant in this court on January 14, 2011, alleging infringement of two of its patents. *Butamax Advanced Biofuels LLC v. Gevo, Inc.*, Civ. No. 11-54 (D. Del. Jan. 14, 2011). Currently, there are eleven cases pending between the parties, with Butamax as plaintiff in eight and Gevo as plaintiff in three.[3] All of the cases relate to bio-isobutanol technology. (D.I. 18 at 2; D.I. 21 at 3)

6. On May 2, 2013, the court denied Gevo's motion to dismiss based in part on Gevo's pending action alleging that Butamax and DuPont infringed U.S. Patent No. 8,101,808 ("the '808 patent"), "Recovery of Higher Alcohols from Dilute Aqueous Solutions" (the '808 action"). *Gevo, Inc. v. Butamax Advanced Biofuels LLC, et al.*, Civ. No. 12-70, D.I. 1 at ¶ 12 (D. Del. Jan. 24, 2012). The '505 patent at issue in the

---

[2]"[T]he phrase 'case of actual controversy' in the [Declaratory Judgment] Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." *MedImmune*, 549 U.S. at 127 (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227 (1937)). Consequently, the analysis of whether "a case of actual controversy" exists is essentially an analysis of whether Article III standing exists. *See generally id.*; *see also, e.g., SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007), *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 901 (Fed. Cir. 2008). For brevity's sake, the court confines its analysis in this opinion to whether, under the Declaratory Judgment Act, "a case of actual controversy" exists.

[3]DuPont is a party to most of the lawsuits.

present litigation is a continuation of the '808 patent and shares the same specification and title as the '808 patent. ('505 patent; D.I. 19 at ex. A, the '808 patent) Gevo then voluntarily dismissed the '808 action. (Civ. No. 12-70, D.I. 61, ordered on May 8, 2013)

7. The '808 and the present actions involve patents covering the isobutanol recovery process. The balance of the pending litigation between the parties involve patents directed to the creation of isobutanol by genetically engineered organisms. Butamax alleges it is "further along towards commercialization" than when the '808 and present actions were filed. However, neither party has presented any evidence of a final process for the production and recovery of isobutanol or concrete plans for constructing a plant to implement such a process.[4] Having reviewed the "totality of the circumstances," including the dismissal of the '808 action and the uncertainty surrounding the finalization of Butamax's isobutanol recovery process (or any other aspect of commercialization), the court finds the pattern of litigation between the parties insufficient to sustain an actual controversy in the context of the '505 patent. *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1338-41 (Fed. Cir. 2008) (holding that one prior lawsuit concerning different products, without more, was not sufficient to sustain an actual controversy); *Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.*, 482 F.3d 1330, 1344 (Fed. Cir. 2007) (finding that pending litigation between the parties, combined with three other factors including defendant's filing of an abbreviated new drug application, was sufficient to sustain a declaratory action).

8. **Conclusion.** For the foregoing reasons, Gevo's renewed motion to dismiss

---

[4]Butamax has not started construction on its plant and states that commercialization is currently expected in 2015. (D.I. 40, ex. 1)

for lack of subject matter jurisdiction (D.I. 39) is granted. An order shall issue.

United States District Judge